UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JULIO ELVIS SURIEL RODRIGUEZ,

                Petitioner,          **MEMORANDUM & ORDER**
    -against-                             Civil Action No. 08-3360

UNITED STATES OF AMERICA,

                Respondent.
--------------------------------------------------------X

**APPEARANCES:**

**For Petitioner:**
Julio Elvis Suriel Rodriguez, Pro Se
Reg. No. 20989-265
Unit C-pod 5
M.V.C.C.
555-1 Cornell Drive
Philipsburg, PA 16866

**For Respondent:**
Loretta Lynch
United States Attorney, Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
By: Raymond A. Tierney, AUSA

**HURLEY, Senior District Judge:**

      Petitioner Julio Elvis Suriel Rodriguez ("petitioner" or "Rodriguez") commenced this action pursuant to 28 U.S.C. § 2255 . In his petition, Rodriguez asserts that the Bureau of Prisons improperly denied him credit for time served in the custody of the Bureau of Immigration and Customs Enforcement prior to the commencement of his federal sentence. Although this Court sentenced Rodriguez on October 2, 2007 and therefore has jurisdiction over a § 2255 motion, the claim asserted by Rodriguez is not within the purview of § 2255. Rather, Rodriguez

is required to assert his claim in a § 2241 habeas petition brought in the district of his incarceration, which is not the Eastern District of New York, and naming his custodian. Accordingly, the petition is dismissed.

## Discussion

Section 2241 provides federal courts with the power to grant writs of habeas corpus, inter alia, on behalf of prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Section 2255 provides that a federal prisoner may seek release or correction of a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law , or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

"Sections 2255 and 2241 offer different relief for different claims." *Chambers v. United States*, 106 F.3d 472 (2d Cir. 1997); *see Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) ("Despite their overlapping language and the generality of § 2241, the two sections have been construed as addressing different types of claims.") (internal quotations omitted).

> Section 2255 provides for relief: (i) where the sentence was imposed in violation of the Constitution or laws of the United States; (ii) where the court was without jurisdiction to impose the petitioner's sentence; (iii) where the sentence was in excess of the maximum authorized by law; and (iv) where the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470-71, 7 L. Ed.2d 417 (1962). A petitioner seeking to challenge the legality of the imposition of a sentence by a court may therefore make a claim pursuant to Section 2255. *Dioguardi v. United States*, 587 F.2d 572, 573 (2d Cir.1978) ("A motion under section 2255 must ... be directed to the sentence as it was imposed, not to the manner in which it is being executed.").

*Chambers*, 106 F.3d at 474. On the other hand, "[u]nder § 2241, a prisoner may challenge the 'execution of [his] sentence,' . . . such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, . . . or conditions of confinement." *Poindexter*, 333 F.3d at 377 (citing *Chambers*, 106 F.3d at 474-75; J*iminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir.1991)).

Here, Petitioner is challenging the execution of his sentence, viz. the calculation by the Bureau of Prisons of the credit to be given for time served in the custody of the Bureau of Immigration and Customs Enforcement prior to the commencement of his federal sentence. Accordingly, he was required to bring his claim as a petition pursuant to 28 U.S.C. § 2241, filing said petition in the district of confinement and naming his warden as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Gonzalez*, 291 Fed. Appx. 392 (Aug. 29, 2008) (Summary Order).

The petition is dismissed.

**SO ORDERED.**

Dated: Central Islip, New York
September 7, 2010

/s/
Denis R. Hurley
Senior District Judge